**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRUDENSIO CALMO-PABLO, | No. 10-71993 |
| Petitioner, | Agency No. A088-734-224 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN , and LEAVY, Circuit Judges.

Prudensio Calmo-Pablo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

In his opening brief, Calmo-Pablo does not challenge the agency's dispositive denial of his asylum claim as untimely. Accordingly, Calmo-Pablo's asylum claim fails. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed abandoned).

Substantial evidence supports the agency's finding that Calmo-Pablo failed to establish past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003). Substantial evidence also supports the agency's finding that Calmo-Pablo failed to establish it is more likely than not he will be persecuted if returned to Guatemala. *See Nagoulko*, 333 F.3d at 1018; *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (petitioner must provide credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution). Accordingly, Calmo-Pablo's withholding of removal claim fails.

Finally, substantial evidence supports the agency's finding that Calmo-Pablo failed to establish it is more likely than not he would be tortured by or with the acquiescence of a government official in Guatemala. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007). Accordingly, his CAT claim fails.

**PETITION FOR REVIEW DENIED**.